In Re: The General Richard Butler Vagabonds Junior Drum and Bugle Corps. The General Richard Butler Vagabonds Junior Drum and Bugle Corps, Appellant.

Argued May 3, 1982, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Robert J. Stock,* for appellant.

*Charles E. Dillon, Dillon, McCandless, King & Kemper,* with him *William C. Robinson,* for appellees.

OPINION BY JUDGE BLATT, July 16, 1982:

The appellant[1] seeks review of a decision of the Court of Common Pleas of Butler County which denied it a property tax exemption for certain real estate.

The County Board of Assessment and Revision of Taxes (Board) assessed the appellant's property at a value of $30,510 in 1976 and the appellant requested an exemption from county taxes in December of 1976 on the grounds that the property was owned by a purely public charity.[2] In January of 1977, the Board refused the exemption and a letter to that effect dated January 24, 1977 was mailed to the appellant. Apparently that letter was never received and the appellant therefore did not appeal the Board's decision. In March of 1978, a copy of the January 24, 1977 letter was sent to and received by the appellant, and notice was given in July that the property was being scheduled for sale due to nonpayment of taxes for the years 1976, 1977 and 1978.[3] On September 19, 1978, the appellant filed an appeal with the Board challenging the $30,510 assessment of the property, and the Board reversed its earlier decision. The Butler Area School District then appealed to the court of common pleas which concluded that the appellant had not filed its appeal from the assessment in a timely manner and that, as to the merits, the appellant was not a purely public charity entitled to an exemption. This appeal followed.

---

[1] The General Richard Butler Vagabonds Junior Drum and Bugle Corps.

[2] Pursuant to Section 204(a)(9) of The General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. §5020-204(a)(9). The appellant had already received exemptions from payment of both Federal Income Tax and Pennsylvania Sales Tax.

[3] The taxes owed totalled $6,713.40.

The timeliness of an appeal from an assessment such as was concerned here is controlled by Section 701(b) of The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. §5453.701(b), which provides in pertinent part:

(b) Any person aggrieved by any assessment whether or not the value thereof shall have been changed since the preceding annual assessment, or any taxing district having an interest therein, may appeal to the board for relief. Any person or such taxing districts desiring to make an appeal shall, on or before the first day of September, file with the board an appeal, setting forth:

(1) The assessment or assessments by which such person feels aggrieved;

(2) The address to which the board shall mail notice of when and where to appear for hearing.

The appellant argues that failure to meet the September 1 deadline of Section 201(b) is merely a procedural defect which does not affect the jurisdiction of this Court and that the appellant should not have been required to meet the time limit because of the Board's delay in providing notice of its initial decision. *See Taylor Borough Appeal*, 408 Pa. 56, 182 A.2d 754 (1962).

It is clear from the record and the court below so found that the appellant received notice of the Board's denial of its application for an exemption in March of 1978 and again in July of that year, but that no appeal was filed until September 19, 1978. The appellant does not offer any reason to justify such a delay and our own review of the record reveals none. We can discern no extenuating circumstances such as

our Supreme Court found in *Taylor*[4] which would prompt us to extend the applicable time period for this appeal. We must therefore conclude that the common pleas court properly concluded that the appeal was untimely. And, inasmuch as we have resolved the case on this issue, we will not discuss the merits of the appeal.

We will affirm the order of the court below.

### ORDER

AND Now, this 16th day of July, 1982, the order of the Court of Common Pleas of Butler County in the above-captioned matter is affirmed.

---

[4] In *Taylor*, the relevant statute required an appeal from an assessment to be filed by November 1, but the appellant's failure to meet that deadline was absolved because the final assessment itself was not made until well after that date.